UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| LAVARDRE BUTLER, | ) | C/A No.: 4:15-cv-0653-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, LEE CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Lavadre Butler (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 17, 2015. (Doc. #1). Respondent filed a motion for summary judgment on April 27, 2015, along with a return and memorandum. (Docs. #15 and #16). The undersigned issued an order filed April 27, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #17). Petitioner filed a response on June 4, 2015.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Lee Correctional Institution pursuant to an order of commitment from the Clerk of Court of Greenville County. Petitioner was indicted at the August 2009 term of the Greenville County Grand Jury for grand larceny, assault with intent to kill, kidnapping and burglary first degree. Attachment 1, PCR Appendix at 88–95. Petitioner pleaded guilty on November 3, 2009, to first degree burglary, kidnapping, and grand larceny before the Honorable Edward W. Miller. App. 1-19. Petitioner pleaded no contest to assault with intent to kill. Attachment 1, PCR App. at 1–19. Attorney Fletcher Smith represented Petitioner at the plea hearing. Assistant Solicitor Kimberly Howard represented the State. Based on the plea colloquy, Judge Miller accepted the plea and sentenced Petitioner to incarceration for a period of eighteen (18) years for burglary, eighteen (18) years for kidnapping, ten (10) for assault with intent to kill, and five (5) for grand larceny. Attachment 1, PCR App. at 18. Petitioner did not file a direct appeal.

**PCR**

Petitioner filed an application for post-conviction relief (PCR) on July 14, 2010. Petitioner raised claims of ineffective assistance of counsel and involuntary plea. In the attachment to his PCR application, Petitioner outlined his claims that plea counsel was ineffective for failing to investigate the victim, Petitioner's co-defendants, and other eyewitnesses and that plea counsel was ineffective for failing to call an alibi witness on Petitioner's behalf. Attachment 1, PCR App. at 26–30. Petitioner also asserted that plea counsel knew he had Attention Deficit Hyperactive Disorder but failed to seek a competency hearing. Attachment 1, PCR App. at 30. Assistant Attorney General Karen C. Ratigan filed a return on behalf of the State on December 16, 2010. Attachment 1, PCR App. at 85–89. An evidentiary hearing was convened on March 1, 2012, before the Honorable D. Garrison Hill. Attachment 1, PCR App. at 45–76. Petitioner was present and represented by Attorney Robert W. Wilkins at the hearing. By order dated June 4, 2012, and filed June 7, 2012, Judge Hill denied and dismissed with prejudice Petitioner's PCR application. Attachment 1, PCR App. at 80–87.

Petitioner filed a notice of appeal on May 19, 2014. Attachment 2, Notice of Appeal (PCR Appeal). On November 3, 2014, Lara M. Caudy, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of

Appellate Defense, filed a Johnson petition for writ of certiorari, raising the following issue:

> Did the PCR court err in finding plea counsel was effective where plea counsel failed to investigate and interview an alibi witness who would have testified that she was with Petitioner on the night of the burglary, since her testimony would have proven Petitioner could not have participated in the burglary and kidnapping?

Attachment 3, Johnson Petition for Writ of Certiorari at 2 (PCR Appeal). Along with the Johnson petition, PCR appellate counsel filed a petition to be relieved as counsel as "[i]n her opinion seeking certiorari from the order of dismissal is without merit." Attachment 3, Johnson Petition at 11. On November 4, 2014, the Clerk of the Supreme Court of South Carolina advised Petitioner that he could file a *pro se* response to PCR appellate counsel's petition. Attachment 4, Letter Dated Nov. 4, 2014 (PCR Appeal). Thereafter, Petitioner submitted a *pro se* submission raising the following issues:

> Did the PCR court err in finding plea counsel was effective where plea counsel failed to investigate the credibility of the victim witness.
>
> Did the PCR court err in finding plea counsel was effective where plea counsel failed to investigate the credibility of the co defendants.
>
> Did the PCR court err in finding plea counsel was effective where plea counsel failed to interview a critical witness.
>
> Did the PCR court err in finding plea counsel was effective where plea counsel failed to do an independent investigation.

Attachment 5, *Pro Se* <u>Johnson</u> Petition at 2(PCR Appeal)(errors in original)

In an order filed January 15, 2015, the Supreme Court of South Carolina denied the petition. Attachment 6, Order Filed Jan. 15, 2015(PCR Appeal). The court issued a remittitur on February 2, 2015.

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his amended petition, quoted verbatim:

> GROUND ONE:    Plea counsel failed to investigate the credibility of the victim witness testimony and identification yet still advised and allowed petitioner to enter a guilty plea
>
> Supporting facts:    Plea counsel failed to do any independent investigation of the circumstances and alleged facts surrounding Petitioner's case and relied completely on the prosecutor's file.
> Plea counsel failed to file a continuance because he believed the petitioner's case had been pending for awhile and the state was ready to get it done.
>
> GROUND TWO:    Plea counsel failed to investigate the merits of the co defendants who made claims implicating petitioner.
>
> Supporting facts:    Plea counsel perjured his testimony at the PCR evidentiary hearing seeing as he testified he couldn't speak with them because of the attorney-client privilege, when in all actuality

|  |  |
|---|---|
|  | he could have spoken to the co-defendants with their attorneys present. Plea counsel relied heavily on co-defendants statements while dispensing advice to petitioner yet failed to uncover the fact both co-defendants were placed in the same room before giving their statements which gave them ample time to fabricate and corroborate their stories which they did under the supervision of a law official who has now been fired for tampering with evidence in several cases. |
| GROUND THREE: | Plea counsel failed to interview and investigate alibi witness for the petitioner yet still advised petitioner to enter a guilty plea. |
| Supporting Facts: | Plea counsel failed to make any attempts to pursue petitioner's alibi until a year later after he'd already been notified by the petitioner about the alibi witness.<br>Plea counsel failed to contact the alibi yet still advised Petitioner to plead guilty. Petitioner's alibi witness appeared at the PCR evidentiary hearing, offered a full alibi regarding the petitioner, and confirmed the fact had they been contacted by Plea counsel they would have testified at trial on behalf of the Petitioner. Plea counsel attempted to justify his errors by perjuring his testimony and presenting a letter that was never verified as petitioner's. |
| GROUND FOUR: | Plea counsel failed to do an independent investigation yet still rendered advice causing the petitioner to enter an involuntary guilty plea. |

6

    Supporting Facts:      Petitioner informed plea counsel the day of the guilty plea, in the courtroom visitation area that he was not going to enter a guilty plea and wanted a trial. Plea counsel ignored petitioner's wishes, manipulated petitioner's family into convincing Petitioner to go against his better judgement by claiming Petitioner would get life if they did not convince him to plead that day. Plea counsel failed to investigate Petitioner's alibi witness claiming Petitioner said alibi witness' testimony would be false, yet wrote a letter requesting Petitioner to do Plea counsel's job and get the witness to him for him.

(Habeas Petition) (errors in original).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Grounds One, Two, and Three

In Grounds One, Two, and Three, Petitioner argues ineffective assistance of counsel asserting counsel failed to investigate the victim, the co-defendants, and the alibi witness. Respondent argues that none of these grounds are procedurally barred but that the PCR court's findings were reasonable, and it reasonably applied federal

8

law.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance.  (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

These issues were raised and ruled upon by the PCR court and raised in the

10

PCR appeal. In the order of dismissal, the PCR court found as follows:

> The Applicant stated plea counsel failed to interview his alibi witness, Ashley Grimsley. The Applicant stated he gave plea counsel Ms. Grimsley's contact information and said he had been with her all night. The Applicant stated plea counsel failed to investigate the credibility of the victim's identification of Applicant as the perpetrator, arguing the victim had been under the influence and identified him after viewing a television broadcast. The Applicant stated plea counsel failed to investigate the credibility of his co-defendants and to investigate the circumstances of their statements. The Applicant said he pled guilty because plea counsel failed to find his alibi witness and then said he would lose at trial. The Applicant stated he lied to the plea judge when he admitted his guilt, said the State's recitation of facts was true, and said he was satisfied with plea counsel's representation.

(Tr. 82).

The PCR court went on to hold as follows:

> Regarding Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.
>
> . . .
>
> This Court finds the Applicant failed to meet his burden of proving plea counsel should have investigated potential alibi witnesses. Plea counsel testified the Applicant said he could provide the name of an alibi witness, but that this

witness would not be truthful. Plea counsel testified that, in any event, the Applicant never provided him this witness's name. This Court finds plea counsel's testimony on this matter is more credible than the Applicant's. This court also finds Ms. Grimsley is not a credible witness, as she testified she could have provided an alibi for the Applicant on these serious charges but never contacted either his lawyer or law enforcement. This Court notes the Applicant admitted his guilt at the plea hearing and has not provided any credible evidence of an alibi defense.

This Court finds the Applicant failed to meet his burden of proving plea counsel should have investigated the credibility of the victim. In support of his argument, the Applicant referred to a section of the incident report- Applicant's Exhibit 2- noting the victim consumed alcohol on the night of the crime. This Court finds the Applicant has not presented any compelling evidence of what plea counsel would have found if he had investigated this alleged issue. See Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998) (finding the failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result). Further, the Applicant cannot prove he was prejudiced by the lack of investigation into the victim's purported alcohol use on the night in question. Plea counsel testified the victim identified the Applicant as one of the perpetrators in a letter sent for the bond hearing and the co-defendants were willing to testify against the Applicant. See Skeen v. State, 325 S.C. 210, 481 S.E.2d 129 (1997) (holding applicant not entitled to relief where no evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial).

This Court finds the Applicant failed to meet his burden of proving plea counsel should have investigated the credibility of his co-defendants' statements. Plea counsel

> noted the co-defendants had pending criminal charges and were represented by counsel. As such, plea counsel would not have been able to speak to these individuals without approval from their attorneys. Regardless, this Court finds the Applicant failed to present any evidence of what information plea counsel could have uncovered in order to challenge the credibility of those co-defendants' statements. See Jackson v. State, 329 S.C. 345, 495 S.E.2d 768 (1998) (finding the failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result).
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test-that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland–that he was prejudiced by plea counsel's performance.
>
> This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. This Court also concludes the Applicant has failed to meet his burden fo proving his guilty plea was not knowing and voluntary. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(Tr. 84-86).

At the PCR hearing, trial counsel testified that he filed discovery motions, reviewed the materials with the Petitioner, and discussed Petitioner's version of the events. Counsel testified that he told Petitioner that both the victim and co-defendants

13

would identify and testify against him. Plea counsel testified that Petitioner was offered an eighteen-year plea offer but rejected it. Counsel testified that Petitioner said he could identify an individual who would provide an alibi but would be untruthful. Counsel stated that Petitioner never mentioned Ms. Grimsley by name when mentioning the fabricated alibi. Counsel testified that he did not investigate the victim's purported alcohol consumption on the night in question and he could not speak to the co-defendants in this case as they had pending charges and separate counsel.

Petitioner's former girlfriend, Ashley Grimsley, testified at the PCR hearing that she was on a date with the Petitioner at 5:00 p.m. or 6:00 p.m. on December 6, 2007. Ms. Grimsley testified that she knew the Petitioner had been arrested but was not aware of the severity of the charges. She testified that she did not contact plea counsel to discuss the potential alibi witness because she did not have his contact information, and she did not contact the police to inform them that Petitioner had an alibi witness because she did not know she could contact them.

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland, The PCR court found Petitioner's testimony not credible while finding plea counsel's testimony credible. Additionally, the PCR court found Ms. Grimsley not to be a credible witness while finding plea counsel's testimony that he was never provided the name of this witness to be credible. (Tr. 84). The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Grounds One, Two, and Three.

**Ground Four**

In Ground Four, Petitioner asserts that "Plea counsel failed to do an independent investigation yet still rendered advice causing the petitioner to enter an involuntary guilty plea." (Petition). Specifically, Petitioner argues that plea counsel was ineffective in failing to conduct an independent investigation, ignored his wishes to go forward with a trial, and manipulated Petitioner's family into convincing him to plead guilty. Petitioner further asserts that plea counsel failed to investigate his alibi witness but wrote Petitioner requesting that he do "plea counsel's job and get the witness to him" (Petition).

As to any issues of ineffective assistance of counsel pertaining to failure to investigate the case, the claim should be denied based on the reasoning set forth in Grounds One, Two, and Three.

As to allegations that counsel failed to honor Petitioner's request to go forward with trial instead of pleading guilty and coerced his family into talking him into pleading guilty, the claims are procedurally barred. Additionally, even if not procedurally barred, the claims lack merit.

Petitioner pleaded guilty with the full understanding of the charges and the consequences of the plea. A review of the plea transcript reveals that the plea judge

advised Petitioner of the indictments and what sentence he could receive. (Tr. 5-7). Petitioner informed the court that he understood the charges and the potential sentence. Id. During the plea colloquy, Petitioner stated that he had not been forced in any way, coerced, or threatened with anything to get him to enter the plea. (Tr. 7). Petitioner stated that he was doing it freely and voluntarily, he understood he had a right to a jury trial, that he understood he was giving up his right to challenge the Constitutional propriety of the seizure of any evidence, he was completely satisfied with his attorney without complaint, and that he was guilty. (Tr. 7-9). Petitioner told the court that he was seventeen years old at the time, had lost his job, had no transportation, and had been kicked out of his house. He apologized for his actions. (Tr. 16-17).

A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are

'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[2] When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

The PCR court's rejection of Petitioner's argument that his plea was not entered knowingly and voluntarily was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court found

---

[2] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

Petitioner's testimony not credible while finding plea counsel's testimony credible. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with regard to Ground Four.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #15) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.