IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lavardre Butler, | ) | No. 4:15-cv-00653-RMG |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Warden, Lee Correctional Institution, | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 25), recommending that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 15), and **DISMISSES** the habeas petition.

## I. Background

On November 3, 2009, Petitioner pleaded guilty to first degree burglary, kidnapping, and grand larceny and no contest to assault with intent to kill. (Dkt. No. 16-1 at 1–19.) He was sentenced to eighteen years for burglary, eighteen years for kidnapping, ten for assault with intent to kill, and five for grand larceny. (*Id.* at 20.) Petitioner did not file a direct appeal. On July 14, 2010, Petitioner filed an application for post-conviction relief (PCR), raising claims for ineffective assistance of counsel and involuntary plea. (*Id.* at 22–32.) Following an evidentiary hearing, the PCR court dismissed Petitioner's application in its entirety on June 4, 2012. (*Id.* at 45, 82–89.)

Petitioner appealed the PCR court's ruling and raised ineffective assistance of counsel claims. (*See* Dkt. No. 16-5). The South Carolina Supreme Court denied the petition on January

15, 2015, and issued a remittitur on February 2, 2015. (Dkt. Nos. 16-6, 16-7). Petitioner filed this Petition for Writ of Habeas Corpus on February 17, 2015, raising the following grounds for relief:

> **Ground One**: Plea counsel failed to investigate the credibility of the victim witness testimony and identification yet still advised and allowed petitioner to enter a guilty plea.
>
> **Ground Two**: Plea counsel failed to investigate the merits of the co defendants who made claims implicating petitioner.
>
> **Ground Three**: Plea counsel failed to interview and investigate alibi witness for the petitioner yet still advised petitioner to enter a guilty plea.
>
> **Ground Four**: Plea counsel failed to do an independent investigation yet still rendered advice causing the petitioner to enter an involuntary plea.

(Dkt. No. 1 at 5, 7, 8, 10.)

The Magistrate Judge found that the state court's rulings on Plaintiff's grounds for relief were not contrary to or an unreasonable application of Supreme Court precedent, and, therefore, Petitioner was not entitled to habeas relief. (Dkt. No. 25 at 15–19.) Petitioner did not file timely objections and the Court issued an Order adopting the R & R. (Dkt. No. 32.) Plaintiff then filed a motion for extension of time, and has since filed objections to the R & R. (Dkt. Nos. 36; 39.) The Court therefore vacates its prior Order and reviews the issues *de novo*.

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those

portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### C. Habeas Review of Ineffective Assistance of Counsel

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687–88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### III. Discussion

### A. Failure to Investigate Credibility of Victim Witness Testimony

Petitioner argues that his counsel unreasonably "made no attempt to validate the integrity of the drunken witness . . . additional preparation in this case would have yielded tremendous results." (Dkt. No. 39 at 5.) Petitioner raised this claim for ineffective assistance of trial counsel in the PCR proceeding, and the PCR court considered it. (Dkt. No. 16-1 at 84–85.) At the PCR hearing, Petitioner testified that plea counsel failed to investigate the credibility of the victim's identification of Petitioner as the perpetrator, claiming that the victim had been under the influence at the time of the incident and identified him after viewing a television broadcast. (*Id.*

at 51.) Plea counsel testified that he filed discovery motions, reviewed those materials with Petitioner, and discussed with Petitioner his version of events. (*Id.* at 67–75.) He further testified that he told Petitioner that the victim would testify against him and had identified him as the perpetrator of the crime. (*Id.*) He explained to the court that he couldn't actually talk to the victim. (*Id.*) The PCR court found plea counsel's testimony to be "credible" and found that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 86–88.)

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. In his objections, Petitioner fails to explain what plea counsel would have found if he had investigated this alleged issue and does not prove that he was prejudiced by the alleged lack of investigation. The record—including plea counsel's testimony at the PCR hearing—supports the PCR court's conclusion that plea counsel rendered reasonably effective assistance under prevailing professional norms and that Petitioner was not prejudiced by any alleged lack of investigation into the victim's credibility. Because the PCR court's application of *Strickland* was reasonable, Respondent is entitled to summary judgment on this ground.

## B. Failure to Investigate Merits of Co-Defendants

Petitioner does not specifically mention this ground for appeal in his objections, but generally argues that he is entitled to "a review of the facts and all supporting evidence." (Dkt. No. 39 at 4.) The PCR court considered and addressed all of Petitioner's grounds for appeal, including whether plea counsel failed to investigate the merits of the co-defendants. (*See* Dkt. No. 16-1 at 87–88). At the PCR hearing, Petitioner testified that plea counsel "never asked me the circumstances surrounding [the co-defendants'] testimony at the time or their statements. . . . [H]e never visited the jail and asked them whether they were telling the truth or anything. He just took their word for it." (*Id.* at 57.) Plea counsel testified that "there would be no way for me

to talk to [the co-defendants] without violating the attorney-client privilege." (*Id.* at 70.) Plea counsel also testified that Petitioner shared "his version of events." (*Id.* at 67.) The PCR court found that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 87–88.)

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. Plea counsel testified that he understood Petitioner's version of events and ethical standards prevented plea counsel from meeting with the co-defendants. Petitioner has offered no argument as to what information plea counsel could have uncovered in order to challenge the credibility of the co-defendants' statements. Therefore, habeas relief must be denied on this ground.

### C. Failure to Interview and Investigate Alibi Witness

Petitioner claims that plea counsel erred by failing to "properly contact[] and interview[]" the alibi witness "who provided testimony directly contradicting the state witness's theory." (Dkt. No. 39 at 2.) He further asserts that a proper investigation of the alibi witness "would [have] produce[d] positive results." (*Id.*) The PCR court considered and addressed this issue. (*See* Dkt. No. 16-1 at 86.)

At the PCR hearing, plea counsel testified that Petitioner said he could provide the name of an alibi witness, but that this witness would not be truthful. (*Id.* at 67–68.) Plea counsel also testified that, despite his request for the identity of this alibi, Petitioner never provided him with a name. (*Id.* at 68–69.) The PCR court found "plea counsel's testimony on this matter is more credible than [Petitioner's]." (*Id.* at 86.) The PCR court further found that the purported alibi was "not a credible witness, as she testified that she could have provided an alibi for [Petitioner] on these serious charges[,] but never contacted either his lawyer or law enforcement." (*Id.*) The PCR court noted that Petitioner "admitted his guilt at the plea hearing and has not provided any

credible evidence of an alibi defense." (*Id.*) The PCR court went on to find that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 87–88.)

The Court agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. As the Magistrate Judge noted, "[t]he PCR court's factual determinations regarding credibility are entitled to deference in this action." (Dkt. No. 25 at 15.) Plaintiff has not established any "stark and clear" error to overturn the PCR court's credibility judgments. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear.") (citing 28 U.S.C. § 2254(e)(1)). Because the PCR court's application of *Strickland* was reasonable, Respondent is entitled to summary judgment on this ground.

## D. Failure to Conduct Independent Investigation and Rendering Unreasonable Advice

Petitioner argues that plea counsel "manipulate[d] the mind of a teenager to the point where Petitioner honestly thought he had done all possible [sic]." (Dkt. No. 39 at 6.) In his Petition, he states that plea counsel was ineffective in failing to conduct an independent investigation, ignored his wishes to go forward with a trial, and manipulated Petitioner's family into convincing him to plead guilty.[1] (Dkt. No. 1 at 10.) The PCR court considered and addressed these issues. (*See* Dkt. No. 16-1 at 86.)

The PCR court noted that Petitioner "admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true." (*Id.*) The PCR court further noted that Petitioner "told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way." (*Id.*) The PCR court found plea counsel's testimony to be more credible than Petitioner's and concluded that "plea

---

[1] To the extent this objection encompasses Petitioner's claim that plea counsel failed to adequately investigate the case, the Court agrees with the Magistrate Judge that this claim should be denied based on the reasoning set forth in Grounds One, Two, and Three. (Dkt. No. 25 at 16.)

counsel adequately conferred with [Petitioner], conducted a proper investigation, and was thoroughly competent in his representation." (*Id.*) The PCR court went on to find that Petitioner had failed to prove either prong of *Strickland*. (*Id.* at 87–88.)

As an initial matter, the Court agrees with the Magistrate Judge that the allegations that plea counsel failed to honor Petitioner's request to go forward with trial instead of pleading guilty and coerced his family into talking him into pleading guilty are procedurally barred. (Dkt. No. 25 at 16.) As noted by the PCR court and the Magistrate Judge, the plea transcript indicates that Petitioner pleaded guilty with the full understanding of the charges and consequences of the plea. (Dkt. No. 16-1 at 3–18.) Petitioner has not offered any "reasonable allegation" as to why the Court should doubt the veracity of his statements at the plea hearing. *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) ("[W]e adopt the rule that the accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are "conclusively" established by that proceeding unless and until he makes some reasonable allegation why this should not be so.").

The Court further agrees with the Magistrate Judge that the PCR court did not apply *Strickland* unreasonably. The PCR court is entitled to make factual determinations regarding credibility, and Petitioner has not established any "stark and clear" error to overturn the PCR court's credibility judgments. *See Cagle*, 520 F.3d at 324. The record supports the PCR court's conclusion that plea counsel rendered reasonably effective assistance under prevailing professional norms. Therefore, habeas relief must be denied on this ground.

## IV. Conclusion

For the reasons stated below, the Court **ADOPTS** the R & R (Dkt. No. 25.) Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 15), and dismisses the habeas petition with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

November 20, 2015
Charleston, South Carolina